# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILBERT JOSEPH BROWN, JR., <br><br> Petitioner, <br><br> v. <br><br> S. A. HOLENCIK, Warden, <br><br> Respondent. | Case No. CV 10-4584-JFW (JEM) <br><br> MEMORANDUM AND ORDER DISMISSING PETITION WITH LEAVE TO AMEND |

On June 22, 2010, Petitioner Wilbert Joseph Brown, Jr., a federal prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"). Petitioner claims that his due process rights were violated when staff failed to call pertinent witnesses and introduce certain evidence at a prison disciplinary hearing. (Petition at 3.) Petitioner never indicates the sanctions, if any, that were imposed against him. Accordingly, Plaintiff has failed to state that the allegedly unconstitutional disciplinary proceedings affected the fact or duration of his confinement.

The Petition must be dismissed with leave to amend because Plaintiff has failed to state a claim that is cognizable on federal habeas review.

**DISCUSSION**

A person claiming to be "in custody in violation of the Constitution or laws or treaties of the United States" may seek relief in a petition for a writ of habeas corpus. 28 U.S.C. § 2241(c)(3). However, where a person challenges the conditions of his confinement, his claims are cognizable in a civil rights action rather than a habeas corpus action. Preiser v. Rodriguez, 411 U.S. 475, 484-86 (1973); Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003). In the federal context, Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), provides petitioners with a remedy for violation of civil rights by federal actors. C.f., Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (challenges to conditions of confinement by state prisoners should be presented in a 42 U.S.C. § 1983 civil rights action rather than a habeas corpus petition).

Petitioner alleges that prison staff failed to call "pertinent witnesses" and "play recorded tapes of phone conversation" at a prison disciplinary hearing. (Petition at 3.) However, Petitioner never indicates whether the sanctions that were imposed against him affected the fact or duration of his confinement, e.g., by the loss of time credits or other disciplinary measures. If the fact or duration of Petitioner's sentence was not affected by the allegedly unconstitutional disciplinary proceedings, Petitioner cannot state a cognizable habeas claim. Rather, he must challenge the disciplinary proceedings in a civil rights action under Bivens. See Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus [;] ... requests for relief turning on circumstances of confinement may be presented in a § 1983 action."); Crawford v. Bell, 599 F.2d 890, 891-92 & n. 1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint).

Accordingly, Petitioner has failed to allege sufficient facts to demonstrate that the alleged constitutional deprivation affected the fact or duration of his confinement, and the Petition must be dismissed with leave to amend. If Petitioner can allege that the unconstitutional disciplinary proceedings affected the fact or duration of his confinement, he

1  may file a First Amended Petition.  Otherwise, this dismissal is without prejudice to
2  Petitioner re-filing his claims in a civil rights action under Bivens.
3                                              * * * *
4       For the foregoing reasons, the Petition is **DISMISSED WITH LEAVE TO AMEND**.  If
5  Petitioner elects to pursue this case as a habeas action, he is **ORDERED** to file an
6  amended petition rectifying the deficiencies identified above no later than **August 2, 2010**.
7  The clerk is directed to send Petitioner a blank form Petition for Writ of Habeas Corpus By a
8  Person in Federal Custody (28 U.S.C. § 2241) (Form CV-27) for this purpose.
9       The amended petition shall reflect the same case number as the petition, be clearly
10 labeled "First Amended Petition," and be filled out completely.  In Paragraph 9 of the First
11 Amended Petition, Petitioner shall specify **separately and concisely** each federal
12 constitutional claim that he is pursuing and answer all of the questions pertaining to each
13 such claim.  If Petitioner attaches a supporting memorandum of points and authorities, the
14 arguments therein should correspond to the claims listed in Paragraph 9 of the habeas
15 petition form and should not include any additional claims.
16      Petitioner shall immediately notify the Court of any change to Petitioner's address.  If
17 Petitioner fails to keep the Court informed of where Petitioner may be contacted, this action
18 will be subject to dismissal for failure to prosecute and failure to comply with a court order.
19 See Local Rule 41-6.
20      Finally, Petitioner is cautioned that his failure to file a First Amended Petition by
21 **August 2, 2010**, may result in a recommendation that this action be dismissed without
22 prejudice for failure to prosecute and/or failure to comply with a court order.  No extension of
23 this deadline will be granted absent a showing of good cause.
24      **IT IS SO ORDERED.**
25
26 DATED: July 2, 2010                    /s/ John E. McDermott
                                        JOHN E. MCDERMOTT
27                                      UNITED STATES MAGISTRATE JUDGE
28